JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 01987

———————————————————————— x

TERRANCE JACKSON,

                    Plaintiff,                                            **COMPLAINT**

        -against-                                                         Case No.:

                                                                          RECEIVED
                                                                          FEB 28 2008
THE CITY OF NEW YORK,                                                     S.D.C. S.D. N.Y.
POLICE OFFICER MICHAEL L. MITCHELL shield # 12465                         CASHIERS
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-3,

                    Defendants.

———————————————————————— x

        PLAINTIFF TERRANCE JACKSON, by his attorney DAVID A. ZELMAN, Esq., for

his COMPLAINT, alleges upon information and belief, as follows:


                        I. PRELIMINARY STATEMENT

1.      This is a civil rights action in which PLAINTIFF TERRANCE JACKSON

        (hereinafter "JACKSON") seeks damages to redress the deprivation, under color of

        state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth

        Amendments of the United States Constitution.  On or about July 16, 2007 at

        approximately 4:19 P.M., at or near Blake Avenue and Grafton Street, Brooklyn,

        New York, JACKSON was falsely arrested with excessive force by Defendants

        including, but not limited to, POLICE OFFICER MICHAEL L. MITCHELL and

        POLICE OFFICER JANE/JOHN DOE # 1-3 (hereinafter "Defendants").  It is

        alleged that Defendants falsely arrested JACKSON in violation of his constitutional

rights. JACKSON was unlawfully detained for approximately thirty hours. It is further alleged that JACKSON was strip searched, assaulted by Defendants, maced, and subjected to an anal cavity search. As a result of the excessive force used by Defendants, JACKSON suffered physical and mental injuries.

## II. JURISDICTION

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendent jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3.   JACKSON at all times resided at 189 Grafton Street, apt P.H., Brooklyn, NY.

4.   Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.   Defendant POLICE OFFICER POLICE OFFICER MICHAEL L. MITCHELL of the 73st precinct (hereinafter "MITCHELL") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6.   POLICE OFFICERS JOHN/JANE DOE(S) #'s 1-3 were NYPD police officers, and

2

at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.

7.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8.    On or about July 16, 2007 at approximately 4:19 P.M., at or near Blake Avenue and Grafton Street, Brooklyn, New York, JACKSON was sitting on his porch at home with some friends.

9.    Four police officers approached the porch and told Jackson to spread his legs and put his hands up in the air. Officers began to search JACKSON without cause. JACKSON asked why the officers were searching him, but received no response.

10.   JACKSON was arrested without cause, handcuffed, and taken to the 73rd precinct. At the precinct, the officers took Jackson into a back room and stood around him in a circle. The officers told Jackson to strip his clothes and concede to an anal cavity search. Upon his refusal, officers threw Jackson against the wall and said "strip or we will beat you up."

3

11.    After approximately 15 minutes of threats, Jackson conceded to the officers demands, but asked to speak with someone in charge. The officers called a sergeant who entered the room and informed JACKSON that he was required to strip. Seeing that he had no choice, JACKSON took off all of his clothing.

12.    Despite the fact that Jackson was completely naked and complying to the officers requests, an officer punched him in the stomach. The blow forced JACKSON to keel over, and as he stood up another officer maced him directly in his right eye and then his genitals.

13.    Approximately 10 minutes later, JACKSON was placed in an ambulance and taken to Kings County Hospital. Once in the hospital, defendant officers escorted JACKSON into a room with Dr. Ethan S. Brandler. Defendant officers again threatened to beat JACKSON if he would not allow the anal cavity search. JACKSON eventually conceded to the search, and Dr. Brandler carried out the search and found no drugs or foreign substances.

14.    JACKSON was discharged from Kings County Hospital at approximately 10:00 p.m. on January 16, 2007, and escorted by defendant police officers to central booking.

15.    JACKSON was brought before a judge at approximately 10:00 p.m. on January 17, 2007, approximately 30 hours after being taken into custody.

16.    JACKSON's case was adjourned until July 16, 2007 in accordance with CPL Section §170.55, and JACKSON was released on his own recognizance. Jackson's case was dismissed on July 16, 2007.

17.    That heretofore and on the 25th day of April, 2007, JACKSON's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed

4

within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of JACKSON, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

19. Paragraphs 1 through 18 of this complaint are hereby realleged and incorporated by reference herein.

20. That Defendants had neither valid evidence for the arrest of JACKSON nor legal cause or excuse to seize and detain him for approximately three days.

21. That in detaining JACKSON for approximately three days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

22. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23. As a result of the above described policies and customs, the officers, staff, agents

5

and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

24.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of JACKSON's rights alleged herein.

25.    By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of JACKSON's rights, subjected JACKSON to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26.    By reason of the foregoing, JACKSON suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

27.    Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

28.    That the seizure, detention and imprisonment of JACKSON was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

29.    That Defendants intended to confine JACKSON.

30.    That JACKSON was conscious of the confinement and did not consent to it.

31.    That the confinement was not otherwise privileged.

32.    By reason of Defendants acts and omissions, Defendants, acting in gross and wanton

disregard of JACKSON's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33.    That by reason of the foregoing, JACKSON suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

34.    Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35.    That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36.    That Defendants had no legal cause or reason to use excessive force by macing and assaulting JACKSON at the precinct.

37.    That Defendants violated JACKSON's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

38.    That at the time of the arrest, JACKSON did not pose a threat to the safety of the arresting officers.

39.    That JACKSON was not actively resisting arrest or attempting to evade arrest.

40.    That defendant CITY, through its officers, agents, and employees, unlawfully subjected JACKSON to excessive force while effectuating his arrest.

41.    That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42.  That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of JACKSON's rights, subjected JACKSON to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

43.  That upon information and belief, in 2007, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

44.  That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

45.  That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46.  That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of JACKSON's rights alleged herein.

47.  By reason of the foregoing, JACKSON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII.  FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

48.     Paragraphs 1 through 47 are hereby realleged and incorporated by reference herein.

49.     That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

50.     That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

51.     That Defendants had no legal cause or reason to use excessive force by macing and assaulting JACKSON at the precinct.

52.     That at the time of the arrest, JACKSON did not pose a threat to the safety of the arresting officers.

53.     That JACKSON was not actively resisting arrest or attempting to evade arrest.

54.     That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

55.     That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of JACKSON's rights, subjected JACKSON to excessive force while effectuating his arrest, in violation of the laws of the State of New York

56.     By reason of the foregoing, JACKSON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. <u>FIFTH CAUSE OF ACTION</u>
### Pursuant to State Law (ASSAULT and BATTERY)

57. Paragraphs 1 through 56 are hereby realleged and incorporated by reference herein.

58. That Defendants intended to cause harmful bodily contact to JACKSON.

59. That defendant Defendants, in a hostile manner voluntarily caused JACKSON'S injuries.

60. That Defendants contact with JACKSON constituted a battery in violation of the laws of the State of New York.

61. That by reason of the foregoing, JACKSON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. <u>SIXTH CAUSE OF ACTION</u>
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

62. Paragraphs 1 through 61 are hereby realleged and incorporated by reference herein.

63. That defendants strip searched JACKSON absent a requisite reasonable suspicion that JACKSON were concealing weapons and / or contraband.

64. That defendants had no legally sufficient cause to strip search JACKSON.

65. That by reason of defendants' acts and omissions, defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of JACKSON's rights, subjected JACKSON to an illegal strip search, in violation

10

of her rights pursuant to the Fourth and Fourteenth Amendments of the Untied
States Constitution.

### VIII.  FOURTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL STRIP SEARCH)

66.  Paragraphs 1 through 65 are hereby realleged and incorporated by reference
herein.

67.  That defendants strip searched JACKSON absent a requisite reasonable suspicion
that JACKSON was concealing weapons and /or contraband.

68.  That defendants had no legally sufficient cause to strip search JACKSON.

69.  That by reason of defendants' acts and omissions, defendants acting under color
of State law and within the scope of their authority, in gross and wanton disregard
of JACKSON's rights, subjected JACKSON to an illegal strip search, in violation
of her rights pursuant to the Fourth and Fourteenth Amendments of the United
States Constitution.

### XII. EIGHTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

70.  Paragraphs 1 through 69 are hereby realleged and incorporated by reference
herein.

71.  That Defendants were acting in furtherance of the duties owed to their employer,
defendant CITY.

72.  That at all times Defendants were acting within the scope of their employment.

73.  That Defendant CITY was able to exercise control over Defendants activities.

11

74.    That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

75.    By reason of the foregoing, JACKSON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, JACKSON has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, JACKSON respectfully requests that judgment be entered:

1.    Awarding JACKSON compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding JACKSON punitive damages in an amount to be determined by a jury;

3.    Awarding JACKSON interest from July 16, 2007; and

4.    Awarding JACKSON reasonable attorney's fees pursuant to 42 USC §1988; and

5.    Granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York

12

February 21, 2008

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

TERRANCE JACKSON, (a.k.a. TERRELL HILL)

        Plaintiff,

                                     PLAINTIFF DEMANDS
                                     TRIAL BY JURY

     -against-

THE CITY OF NEW YORK,
POLICE OFFICER MICHAEL L. MITCHELL shield # 12463,
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-3,

        Defendants.

_____X

---

## COMPLAINT

---

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072