



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JOHANA V. CASTRO
Assistant Corporation Counsel
phone: (212) 788-0976
fax: (212) 788-9776
email: jcastro@law.nyc.gov

March 19, 2008

**SO ORDERED**

*[signature]*

HON. GEORGE B. DANIELS

MAR 2 0 2008

BY FAX
(212) 805-6737
Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Jackson v. City of New York et al., 08 CV 1987 (GBD)

Dear Judge Daniels:

I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York assigned to the above-referenced case. I am writing to respectfully request a sixty-day enlargement of time, from March 19, 2008 to May 19, 2008 within which the City of New York may answer or otherwise respond to the complaint. This is defendant's first request for an enlargement of time in this action. Plaintiff's attorney, David Zelman, Esq. takes no position regarding this request.

The complaint alleges, inter alia, that plaintiff Terrance Jackson was falsely arrested, imprisoned and subjected to excessive force. In addition to the City of New York, plaintiff purports to name Police Officer Michael L. Mitchell as a defendant.[1] Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. To this end, defendant will need to obtain releases from plaintiff to access the

---

[1] According to the docket sheet, plaintiff sent Police Officer Mitchell a Waiver of Service of Summons on or about March 6, 2008. Without appearing on his behalf or making any representations with respect to service I also respectfully request that Police Officer Mitchell's time to answer or otherwise respond to the complaint also be extended until May 19, 2008.

underlying arrest and criminal court records regarding this action. The enlargement of time will therefore afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been properly served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the Police Officer Mitchell. Police Officer Mitchell must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendants' time to answer the complaint until May 19, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Johana Castro (JC 1809)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX
      (718) 604-3074
      David A. Zelman, Esq.
      Attorney for Plaintiff
      612 Eastern Parkway
      Brooklyn, NY 11225

2