UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TERRANCE JACKSON,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL L. MITCHELL, Shield #12463, POLICE
OFFICERS JOHN/JANE DOE(S) #'S 1-3,

                        Defendants.

**ANSWER**

08 CV 1987 (GBD)

**Jury Trial Demanded**

------------------------------------------------------------------ x

      Defendants City of New York and Police Officer Michael Mitchell by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

      1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff was arrested on or about January 16, 2007.

      2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      3.     Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "3" of the Complaint.

      4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation and that it maintains a police department.

      5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Michael Mitchell is employed by the New York City Police Department ("NYPD").

6. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "6" of the Complaint.

7. Paragraph "7" of the complaint contains legal conclusions, rather than averments of fact, to which no response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff was arrested on or about January 16, 2007.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff was strip searched.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff was transported to Kings County Hospital and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's medical treatment at the hospital.

14. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about April 25, 2007.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that matter has not been settled.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "18," as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. In response to the allegations set forth in paragraph "27" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "26," as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "33," as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "47," as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "56," as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. In response to the allegations set forth in paragraph "62" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "61," as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. In response to the allegations set forth in paragraph "66" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65," as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "69," as if fully set forth herein.

71. Paragraph "71" of the complaint contains legal conclusions, rather than averments of fact, to which no response is required.

72. Paragraph "72" of the complaint contains legal conclusions, rather than averments of fact, to which no response is required.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

76. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

77. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

78. At all times relevant to the acts alleged in the Complaint, defendants, acted reasonably, properly, lawfully, and in good faith in the exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

79. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the negligent or culpable conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

80. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

81. Punitive damages are not recoverable against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

82. This action may be barred, in whole or in part, by the applicable statute of limitations period.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

83. This action may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

84. Defendant Police Officer Mitchell did not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

85. Plaintiff provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

86. At all times relevant to the acts alleged by plaintiff, defendant Police Officer Mitchell acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE**, defendants City of New York and Police Officer Mitchell request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 19, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants City of New York and
                        Police Officer Mitchell
                        100 Church Street
                        New York, New York 10007
                        (212) 788-0976

                 By:   _____
                        Johana Castro (JC 1809)
                        Assistant Corporation Counsel
                        Special Federal Litigation Division

TO:   David Zelman, Esq.
      Attorney for Plaintiff
      612 Eastern Parkway
      Brooklyn, New York 11225

Index No: 08 CV 1987 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRANCE JACKSON,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL L. MITCHELL, Shield #12463, POLICE OFFICERS JOHN/JANE DOE(S) #'S 1-3,

                              Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York and*
   *Police Officer Mitchell*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Johana Castro*
*Tel: (212) 788-0976*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................., 200......*

*............................................................................ Esq.*

*Attorney for..............................................................*